

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

February 28, 2025

**VIA ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Riley v. Barbour Inc.*
              Case No. 1:24-cv-08822-RWL

Dear Judge Lehrburger:

      As counsel for Defendant, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith. Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which has been fashioned as a reasonable resolution of the plaintiff's claims.

      The enclosed Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin,* 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525 (1986)); *accord, Crosson v. Popsockets LLC,* No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.,* No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017). S*ee also, Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (DE 16) (applying the above standard in another ADA website action to approve a consent decree in an action between private parties).

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

153514695.1

February 28, 2025
Page 2

Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my law firm and other attorneys defending these matters around the country. However, the decree does not prevent intervenors from seeking relief if they contend it is not being complied with. *Hanyzkiewicz v. Allegiance Retail Services, LLC,* 2023 WL 2758355 (S.D.N.Y. April 3, 2023). The All Writs Act empowers a district court to enjoin actions by a nonparty when necessary to protect the court's jurisdiction over a consent decree. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,* 911 F. Supp. 743, 750 (S.D.N.Y.), aff'd, 96 F.3d 653 (2d Cir. 1996). Accordingly, a court may enjoin the pursuit of a parallel action seeking injunctive relief with respect to a dispute that is already the subject of a consent decree before another court and require the plaintiff to file a motion to intervene when pursuit of the parallel action "could frustrate the consent decree." *Hanyzkiewicz,* 2023 WL 2758355, at *3.

My firm has resolved several very similar ADA website class actions in this Court and in other districts in which Your Honor and other judges have approved virtually identical consent decrees. Your Honor approved similar consent decrees in *Hedges v. Claflin University*, 20-cv-08443 (RWL), on February 2, 2021 (DE 22), *Graciano v. Wing Enterprises, Inc.*, 20-cv-09052 (RWL), March 8, 2021 (DE 21), *Jaquez v. 10 Lenox Development Ventures, LLC*, 20-cv-07407 (RWL), on May 10, 2021 (DE 31), *Sanchez v. Copart, Inc.*, 21-cv-01808 (RWL) on June 25, 2021, *Contreras v. Gentex Corporation*, 21-cv-11203 (RWL), April 21, 2022 (DE 16), *Ortega v. Big Spoon Roasters LLC*, 22-cv-00926 (RWL),  July 25, 2022 (DE 25), and *Suarez v. Stuhrling Original, LLC*, 1:23-cv-11143 (RWL), May 7, 2024 (DE 22).

We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above. Thank you for your attention to this matter.

Respectfully,

*/s/ Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

cc: Counsel for Plaintiff (via ECF)

153514695.1